JOURNAL ENTRY AND OPINION
Appellant, Donald Lang, is appealing his conviction for aggravated menacing. For the following reasons, we affirm.
Florence Marshall testified that she lived on Robert Avenue in Cleveland, Ohio. Appellant is her neighbor. At 7:30 a.m. on December 3, she was driving west on Robert Avenue. Robert Avenue is a three lane highway, with parking on both sides of the street. Appellant was driving toward her from the opposite direction. When appellant saw her van, he started speeding up and driving directly toward her. She had nowhere to go, because the right lane was occupied by parked cars. There was a car behind her. Mrs. Marshall feared for her life, and believed appellant would hit the van head on. Appellant finally pulled over into a free spot. Mrs. Marshall thought appellant struck her car. She recognized the car as appellant's. She was 100% certain that appellant drove the car.
Mrs. Marshall immediately called her husband from her cell phone. When she returned home from work, she called the police. Her husband looked at the car, and determined that appellant did not hit the car.
Mrs. Marshall further testified that she saw appellant hit his girlfriend and a neighborhood kid. She had "seen him with the baseball bat out in front of his house." She saw appellant yelling and had seen him drunk. Mrs. Marshall claimed appellant harassed her family for three years.
Daniel Marshall testified that he is Florence Marshall's husband. His wife called him and told him about the incident with appellant. Mr. Marshall called appellant and asked him what his problem was with his wife. Appellant hung up. Then, appellant called back, and said, "I'll meet you in the middle of the f'ing street. I want to kick your f'ing ass." Marshall was unaware that his wife believed appellant hit the van.
Sharon Langford testified that she has been living with appellant for 17 years. About three years ago, appellant and Mr. Marshall had an argument about appellant's dog being on Marshalls' property. Appellant apologized to Mr. Marshall. Appellant had back surgery and has been unable to drive a car since June, 1998. On December 3, 1998, she and appellant did not leave the house all morning.
Appellant testified that after his back surgery he did not drive. On December 3, he did not leave the house all morning. No one drove the car anywhere. A man called him and told him to "not be messing with my f'g wife". Appellant discovered the caller was Marshall. He called Marshall and said, "Marshall, you got something to say to me, let's go outside and take it to the street and I'll kick your ass." Marshall went out to walk his dog, but appellant stayed in the house.
 I.
Appellant's assignments of error will be considered out of order. Appellant's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY OF APPELLANT'S CHARACTER TO BE ADMITTED AND USED TO SUPPORT THIS CHARGE IN VIOLATION OF EVID.R. 404 (B), WHICH IS PLAN (SIC) ERROR.
Appellant asserts the following testimony was admitted in violation of Evid.R. 404 (B): (1) appellant phoned Marshall and threatened to kick his ass; (2) Mrs. Marshall saw appellant committing other violent acts; and (3) appellant harassed the Marshalls for three years. Appellant objected to the lack of a specific date of the harassment, but did not otherwise object. A failure to object at trial waives all but plain error. State v.Campbell (1994), 69 Ohio St.3d 38. Plain error occurs when "but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983) 3 Ohio St.3d 12; State v.Coleman (1999), 85 Ohio St.3d 129, 141.
Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. Evid.R. 404 (B). "Other acts" evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404 (B), State v. Bey (1999), 85 Ohio St.3d 487,490. The evidence of the past harassment was relevant to show motive, knowledge and absence of mistake or accident, and was admissible under Evid.R. 404(B). See State v. White (1999),85 Ohio St.3d 433, 441.
Mrs. Marshall testified she was afraid of appellant because she had seen him commit violent acts. The only purpose of this evidence was to show that appellant acted in conformity with the past acts. This evidence was more prejudicial than probative. Even if this evidence was excluded, it is not clear that the result of the trial court would have been otherwise. The other facts overwhelmingly proved the elements of aggravated menacing. SeeState v. Hirsch (1998), 129 Ohio App.3d 294, 309. Plain error did not occur.
The evidence of the phone call was closely connected in time to the incident, but was not part of the transaction that constituted the crime. See State v. Smith (1992), 84 Ohio App.3d 647,658. The phone call tended to prove motive, knowledge, or lack of accident, so it was admissible under Evid.R. 404(B). Appellant contends the trial judge incorrectly used this evidence to find that he acted in conformity therewith. The judge was discussing why she felt the Marshalls were more credible than appellant. She stated appellant was aggressive, and that he claimed to be unable to drive, yet he threatened to beat up Mr. Marshall. Essentially, the judge stated that she disbelieved appellant's testimony that he did not drive the car. Even if the trial court erroneously construed the evidence as proof appellant acted in conformity with other acts, the error did not rise to the level of plain error. It was not clear that without this evidence, the result would have been otherwise.
Accordingly, this assignment of error is overruled.
 II.
Appellant's first assignment of error states:
 APPELLANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, EQUAL PROTECTION, DUE PROCESS OF LAW AND MEANINGFUL APPELLATE REVIEW UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2, 10, AND 16 OF THE OHIO CONSTITUTION.
To demonstrate ineffective assistance of counsel, appellant must show (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Deference is given to the strategic decisions of counsel. Id. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. See Strickland, Bradley, supra. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
Appellant asserts his counsel was ineffective because she failed to object to the admission of other acts evidence. He argues his counsel should have objected to: (1) testimony concerning the phone call he made to Marshall, threatening to kick Marshall's ass; and (2) testimony that Marshall hit others. Also, counsel should have proffered testimony the court excluded concerning what happened after the phone call.
As discussed above, the phone call was admissible to show motive, knowledge and/or lack of mistake. Additionally, it was a reasonable trial strategy for counsel to introduce evidence that appellant was merely responding to Mr. Marshall, who swore at him and then hung up. Defense counsel's strategy was to show that the Marshalls' negative feelings towards appellant prompted them to file a false police report.
There was no reasonable probability that, if the evidence of appellant's past violent acts was excluded, the outcome of the trial would have been otherwise. The remaining evidence overwhelmingly proved appellant guilty of aggravated menacing.
There was evidence that after the phone call, appellant did not go outside and attempt to kick Marshall's ass. Appellant has not demonstrated that any additional evidence as to the events after the phone call would have changed the result of the trial. Appellant has not shown he was prejudiced by any error of his counsel.
Accordingly, this assignment of error is overruled.
 III.
Appellant's fourth assignment of error states:
 THERE IS INSUFFICIENT EVIDENCE SUPPORTING THIS CONVICTION FOR AGGRAVATED MENACING.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 520, State v. Jenks (1991), 61 Ohio St.3d 259.
The elements of aggravated menacing are: the offender knowingly caused another to believe that the offender would cause serious physical harm to person or that person's property. Cleveland Codified Ordinance 621.06. Mrs. Marshall testified that appellant saw her van, and then purposely sped up and headed directly towards her. Appellant had a motive to do this because of the ongoing difficulties between appellant and the Marshalls. A reasonable trier of fact could find all the elements of aggravated menacing were shown beyond a reasonable doubt.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary; whether a witness was impeached and whether a witness had an interest in testifying.State v. Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61,State v. DeHass (1967), 10 Ohio St.2d 230.
Appellant asserts that Mrs. Marshall's testimony was not credible. Mrs. Marshall said her husband looked at the car and found no damage, while Mr. Marshall testified he was not aware his wife believed appellant hit her. This minor inconsistency has nothing to do with the material elements of the offense. The Marshalls had a motive to file a false claim against appellant, because appellant harassed them for years. However, this same neighborhood feud provided appellant with a motive to menace the Marshalls. Mrs. Marshall phoned her husband immediately, but did not phone the police until later that day. Her behavior was rational because after appellant pulled over, she was no longer in fear for her life. Mrs. Marshall described and identified the vehicle and was 100% positive that appellant was driving. The trial court did not lose its way in finding Mrs. Marshall's testimony credible.
Ms. Langford and Mr. Lang had a compelling interest in testifying the way they did. Appellant's testimony was not credible because if appellant could kick someone's ass, he could drive a vehicle. The trial court was able to observe the appearance and demeanor of these witnesses. The record does not indicate that the trial court lost its way in finding that appellant and Ms. Langford were not credible. The verdict was not against the manifest weight of the evidence.
Accordingly, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J. AND SWEENEY, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE